[916 NYS2d 119]

In the Matter of WILLIAM R. KELLY, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 28, 2010

### APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Mitchell T. Borkowsky* of counsel), for petitioner.

*Long, Tuminello, Besso, Seligman, Werner, Johnston & Sullivan, LLP*, Bay Shore, (*Michelle Aulivola* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition, dated April 23, 2009, containing six charges of professional misconduct. After a preliminary conference via telephone on December 14, 2009, and a hearing on January 28, 2010, the Special Referee sustained all six charges. The Grievance Committee now moves to confirm the findings of the Special Referee and to impose such discipline as the Court may deem just and proper. The respondent's counsel has submitted an affirmation in response, requesting that the Court exercise leniency in determining the appropriate sanction against the respondent in view of the mitigating circumstances.

Charge one alleges that the respondent failed to preserve funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

The respondent maintained an escrow account at Bank of America in connection with his law practice, denominated "Kelly, Sackman, Spollen & Upton IOLA." On or about October 25, 2007, he deposited into that account a $70,000 down payment in connection with a real estate transaction in which he represented the seller, Hublitz. The Hublitz transaction closed on January 29, 2008, at which time the respondent disbursed the entire down payment.

On or about November 29, 2007, the respondent deposited a $100,000 down payment in connection with a real estate transaction in which he represented the seller, Perlin. The Perlin transaction was not consummated and, on or about February 11, 2008, the respondent refunded the entire down payment with a check from his escrow account.

At all times between November 29, 2007 and January 29, 2008, the respondent should have maintained and preserved at least $170,000 in the escrow account in connection with both transactions. On four occasions within that interval, the account balance fell below the amount the respondent was required to preserve in connection with those transactions. On January 1, 2008, the account showed a deficiency in the sum of $74,951.81.

Charge two alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to preserve client funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual allegations of charge one.

Charge three alleges that the respondent misappropriated client funds entrusted to him by withdrawing those funds from the escrow account and using them for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

Between November 1, 2007 and March 31, 2008, the respondent drew many checks against the escrow account, payable to himself or his law firm, prior to the conclusion of the escrow's purposes, without permission of the parties to the escrow funds. During that interval, the respondent deposited those checks into the firm's operating account to pay operating expenses or retained the funds for his own personal use and benefit.

Charge four alleges that the respondent engaged in conduct which adversely reflects on his fitness to practice law by misappropriating client funds entrusted to him by withdrawing those funds from the escrow account and using them for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual allegations of charges one through three.

Charge five alleges that the respondent held himself out as having a partnership with one or more lawyers with whom he was not, in fact, a partner, in violation of Code of Professional Responsibility DR 2-102 (c) (22 NYCRR 1200.7 [c]).

At all relevant times, the respondent maintained an escrow account denominated "Kelly, Sackman, Spollen & Upton IOLA," and had letterhead purporting that he was a partner in that firm. At all relevant times, the respondent was a solo practi-

tioner and the aforementioned law firm did not exist or operate as a partnership.

Charge six alleges that the respondent engaged in conduct which adversely reflects on his fitness to practice law by holding himself out as having a partnership with one or more other lawyers with whom he was not, in fact, a partner, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual allegations of charge five.

Based on the respondent's admissions and the uncontroverted evidence, the Special Referee properly sustained all six charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his previously unblemished record, his complete candor and cooperation with the Grievance Committee, the health problems of himself and his wife and the absence of injury to any clients as a result of the escrow account deficiency. The respondent acknowledged his responsibility for his actions and contends that the withdrawals from the escrow funds were for advances of fees to which he was or would be entitled. Both the Special Referee and the Grievance Committee expressed doubt as to that explanation inasmuch as there was no evidence of the identity and source of those fees, and in view of the respondent's admission that his practice at the time was greatly diminished. In any event, the respondent's replenishment of the escrow account deficiency is irrelevant to a finding that he engaged in significant misconduct.

The respondent emphasizes that he closed his practice prior to his interim suspension and has no plans to resume the practice of law even if allowed to do so. Withdrawing funds from escrow without authorization of all parties thereto, irrespective of motive, lack of harm to clients and ultimate reimbursement, constitutes serious professional misconduct.

Under the totality of the circumstances, William R. Kelly is suspended from the practice of law for a period of two years in addition to the time elapsed under the interim suspension.

MASTRO, J.P., RIVERA, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the motion of the Grievance Committee to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, William R. Kelly, is suspended from the practice of law for a period of two years commencing

immediately and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years. In such application, the respondent shall furnish satisfactory proof that during the period of suspension, he (a) refrained from practicing or attempting to practice law, (b) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, William R. Kelly, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if William R. Kelly has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and William R. Kelly shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).